## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CONNIE ROGERS BLAIR | ) | |
| | ) | CASE NO.  06-32764(1)(7) |
| Debtor(s) | ) | |
| | ) | |
| RICHARD A. HIGDON | ) | |
| | ) | AP NO.  07-3023 |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONNIE ROGERS BLAIR | ) | |
| | ) | |
| Defendant(s) | ) | |

### MEMORANDUM-OPINION

This matter came before the Court for trial on the Complaint of Plaintiff Richard A. Higdon Objecting to the Discharge of Indebtedness Against Defendant/Debtor Connie Rogers Blair ("Debtor").  The Court considered the testimony of the witnesses at trial, the documentary evidence and the pre- and post-trial memoranda submitted by the parties.  For the following reasons, the Court will enter judgment in favor of the Plaintiff.  The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052.

### FINDINGS OF FACT

Higdon and Debtor were married in 1999.  The marriage was dissolved by the entry of a Decree of Dissolution of Marriage by the Marion Circuit Court on February 18, 2003.  Higdon and Debtor entered into a Settlement Agreement whereby the parties settled their property issues.

The Settlement Agreement specifically provided:

> Each party will assume and be responsible for the payment of his or her credit cards he or she may have in his or her name and that party shall be responsible for any outstanding debt owing on that credit card and further hold the other party harmless and otherwise indemnify him or her in the event of default of payment of any of said debts that may have been incurred since the separation.

The Settlement Agreement further provided that Higdon "shall assume and pay the Fleet Visa credit card account with an approximate balance of $6,523.70." Higdon fully complied with the terms of the Settlement Agreement and paid off the Fleet Visa account in full in April 2003. He made no further charges on the card after extinguishing the debt.

The address listed on the Fleet Visa account was 833 Pebble Brook Drive, the residence of the Debtor. Higdon had his mail forwarded by the post office to his new address in November 2002. The Fleet Visa bill, however, continued to be sent to the Pebble Brook Drive address in the name of Rick H. Higdon and Connie Higdon.

Debtor remarried in December 2003 and changed her name to Connie Young. That marriage lasted one year. Debtor subsequently married again and changed her name to Connie Blair. In November 2004, due to business problems and a bout with breast cancer, the Debtor fell behind on her bills. The Bank of America had purchased Fleet and Debtor had Bank of America issue a new card on what was formerly the Fleet Visa account. She began accruing charges on the Visa. The card was issued and the bill was addressed to Rick H. Higdon and Connie Higdon.

Debtor contends that in 2004 when she began using the Bank of America Visa she was unaware that Higdon's name was still on the account. She also claims that she had so many bills at that time that she did not realize that the account was not solely in her name.

Debtor continued to use the Bank of America Visa and made several payments on the card. She did not notify Bank of America that she and Higdon were divorced, that Higdon's name should

not have been on the card or that her last name had changed to Blair and she was no longer known as Connie Higdon.

Debtor defaulted on the Bank of America Visa account. On October 12, 2006, Debtor filed her Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

## CONCLUSIONS OF LAW

Higdon seeks to have the debt on the Bank of America Visa declared nondischargeable pursuant to §§523(a)(2), (4) and (15). The Court finds the debt nondischargeable under §523(a)(2) and therefore finds no need to analyze the claim under 11 U.S.C. §§523(a)(4) or (a)(15).

In order to have a debt excepted from discharge under 11 U.S.C. §523(a)(2) the moving party must establish the following elements by a preponderance of the evidence: (1) debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) debtor intended to deceive the creditor; (3) creditor justifiably relied on the false representation; and (4) the reliance was the proximate cause of the loss. In re Rembert, 141 F.3d 277, 280-81 (6th Cir. 1998). The Court finds that Higdon met his burden proof on each of these elements.

First, the Debtor obtained funds by misrepresenting that she was authorized to use the Visa which was still in the name of her ex-spouse and in her former name. Debtor contends she was not aware that the card was still in Higdon's name. The Court finds this difficult to comprehend since every bill issued on the account was in Higdon's name, along with her former married name of Higdon. If it was not done knowingly, it certainly was done with gross recklessness.

The parties deceived herein were Bank of America and Higdon. Both were deceived as Blair had the account reactivated in her former married name of Higdon and in clear contradiction of the

terms of the Settlement Agreement. Her intent to deceive is proven by the fact that she did not have the card reactivated in her legal name at the time the card was reissued, nor did she notify Higdon that she was continuing to use the card.

The fourth and fifth elements were also proven at trial. Clearly the credit card company relied on the Debtor's representation that she was authorized to use the account and the resulting debt was a result of that reliance. Higdon also relied to his detriment on the fact that Debtor would comply with the terms of the Settlement Agreement.

Higdon testified at trial that his credit report now contains a negative reference based on the Debtor's default on the Visa account. Debtor agreed in the Separation Agreement to hold Higdon harmless and indemnify him with respect to any debt she incurred solely on her behalf subsequent to the separation. Higdon is a joint obligor on the account, but due to the terms of the Separation Agreement the debt should be solely the responsibility of the Debtor.

The Court finds the facts of this case similar to those in In re Travis, 2006 WL 4085817 (Bankr. N.D. Ohio 2006). In that case, an ex-spouse obtained a credit card in her former spouse's name without his permission and accrued charges on the account. There, the court stated:

> No matter from what angle one approaches the matter, any person who, without permission, uses another's identity to obtain credit in the other's name, has engaged in fraudulent conduct violative of §§523(a)(2) and (a)(4).

While Debtor herein did not obtain a new line of credit in Higdon's name, her use of the existing account with his name on it was clearly unauthorized and fraudulent. The debt is nondischargeable pursuant to 11 U.S.C. §523(a)(2).

-4-

## <u>CONCLUSION</u>

For all of the above reasons, the Court enters Judgment in favor of Plaintiff Richard Higdon on his Complaint Objecting to Discharge of Indebtedness Against Defendant Connie Blair.  A Judgment incorporating the findings herein accompanies this Memorandum-Opinion.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

IN RE:                                    )
                                          )
CONNIE ROGERS BLAIR                       )
                                          )    CASE NO.  06-32764(1)(7)
                              Debtor(s)   )
                                          )
RICHARD A. HIGDON                         )
                                          )    AP NO.  07-3023
                           Plaintiff(s)   )
                                          )
v.                                        )
                                          )
CONNIE ROGERS BLAIR                       )
                                          )
                          Defendant(s)    )

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment is entered in favor of the Plaintiff Richard Higdon on his Complaint Objecting to Discharge of Indebtedness and Against Defendant Connie Blair.  The debt owed by Connie Blair to Bank of America on Account No. 4305 5000 3379 0596 is declared nondischargeable pursuant to 11 U.S.C. §523(a)(2).

This is a final and appealable order.  There is no just reason for delay.